**In the Matter of Harold E. NELSON and Linda K. Nelson, Debtors.**

**UNITED BANK OF SOUTHGATE, Plaintiff,**

v.

**Harold E. NELSON and Linda K. Nelson, Defendants.**

**Bankruptcy No. 81–B–00311. Adv. No. 81–A–0165.**

United States Bankruptcy Court, N.D. Illinois, W.D.

March 23, 1982.

Theodore Liebovich, Rockford, Ill., for plaintiff.

Angelo Gaziano, Rockford, Ill., for defendants.

## MEMORANDUM DECISION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Complaint of United Bank of Southgate (United) to Determine the Dischargeability of a Debt of the Debtors, Harold E. Nelson and Linda K. Nelson.

### FACTS

The Nelson owned a vehicle subject to a security interest of United. The vehicle was totally destroyed in an accident and the Nelsons received insurance proceeds. None of the proceeds were turned over to United. United claims that their security interest extended to the proceeds, by contract, and that the failure to turn them over to United constitutes a wilful and malicious conversion under Section 523(a)(6) of the Bankruptcy Code.

### ANALYSIS

The Code cases dealing with wilful and malicious conversion follow two tracks. The first is represented by *In re Hodge,* 4 B.R. 513, 2 CBC 2d 566 (Bkrtcy.1980), and *In the Matter of Nelson,* 10 B.R. 691, 4 CBC 2d 548 (Bkrtcy.1981), in which an "intent to harm" is required.

As indicated in the earlier, unrelated Nelson case, this Court is somewhat uncomfortable with the "intent to harm" standard because it is difficult to imagine how that standard could ever be applied in the typical commercial situation where a debtor wrongfully sells or disposes of property subject to a security interest. Malice is rarely, if ever, an ingredient of the debtor's conduct in those situations.

The second approach is to adopt a less stringent standard of conduct which does not require an "intent to harm". See *In re Auvenshine,* 9 B.R. 772, 3 CBC 2d 946 (Bkrtcy.1981); *In re Pommerer,* 10 B.R. 935, 4 CBC 2d 766 (Bkrtcy.1981); and *In re McCloud,* 7 B.R. 819, 3 CBC 2d 701 (Bkrtcy. 1980). These cases may produce commendable results, but appear to fly in the face of the House and Senate Reports (H.R.Rep. No. 595, 95th Cong. 1st Sess. 363 (1977); S.Rep. No. 989, 95th Cong., 1st Sess. 77–79 (1978)), U.S.Code Cong. & Admin.News, p. 5787.

As stated in the earlier *Nelson* case: "Under the former Bankruptcy Act wilful and malicious conversions were included as non-dischargeable debts in Section 17a(2) along with such essentially contractual or commercial conduct as misrepresentations, and false financial statements. Under the Code, however, Congress deleted wilful and malicious conversion from its contractual or commercial context and moved it to Section 523(a)(6) where it joined its essentially tortious brethren. The 'intent to do harm' standard became applicable." 10 B.R. at 692, 4 CBC 2d at 549.

### CONCLUSIONS

Under the "intent to harm" standard, the conduct of the Debtors here does not constitute wilful and malicious conduct under Section 523(a)(6). The Court does not reach the question whether the conduct of the Debtors here constitutes a wilful and malicious conversion under a standard less than "intent to harm".

IT IS, THEREFORE, ORDERED that the Complaint of United Bank of Southgate to Determine the Dischargeability of a Debt of the Debtors, Harold E. Nelson and Linda K. Nelson, be and it hereby is denied.