In re Harold E. NELSON and Linda K.
Nelson, Debtors.

UNITED BANK OF SOUTHGATE,
Plaintiff,

v.

Harold E. NELSON and Linda K.
Nelson, Defendants.

Bankruptcy No. 81–B–00311.
Adv. No. 81–A–0165.

United States Bankruptcy Court,
N.D. Illinois, W.D.

Nov. 9, 1983.

Theodore Liebovich, Rockford, Ill., for plaintiff.

Angelo Gaziano, Rockford, Ill., for debtors.

## MEMORANDUM OPINION ON REMAND

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Bankruptcy Court on remand from the District Court. The proceedings arise under Section 523(a)(6) of the Bankruptcy Code.

At the trial level, this Court held an "intent to harm" standard applicable to a "wilful and malicious injury", involving conversion of property subject to a security interest, and, finding no such intent existed, denied the Complaint. 35 B.R. 763. On appeal, the District Court, 35 B.R. 766, held that the application of an "intent to do harm" standard was erroneous. This court then heard further arguments of counsel on remand.

The question now posed is whether the debt is dischargeable when a standard less than "intent to harm" is applied.

## ANALYSIS

Conversion of secured property, even without an "intent to harm", does not automatically give rise to a nondischargeable debt. As stated in its Remand Order, the District Court, consistent with *In re Fussell*, 15 B.R. 1016 (D.C.Va.1981), held that a Court must fairly evaluate all the factors to determine if the Debtor knows his act

would harm the creditor's interest and proceeds in the face of that knowledge.

Here, the Debtor, Harold Nelson, had extensive experience in business involving security interests in vehicles, understood security agreements, understood the purpose of collateral, and did know, or should have known, that the sale of collateral or the failure to turn over to the secured creditor the proceeds of insurance from destruction of the collateral would place those proceeds beyond the reach of the secured creditor and thereby harm the secured creditor's interest in those proceeds.

As between Harold Nelson and United Bank of Southgate, there was a valid enforceable security agreement which transferred from the vehicle to the insurance proceeds.

The Court does not accept Nelson's defense that he thought the loan to United Bank of Southgate was unsecured.

As to Linda Nelson, there was insufficient proof that she had knowledge of the nature of the transaction which would bring her within the standard described by the District Court, therefore her debt should be discharged.

The Court concludes that the debt of Harold Nelson as to United Bank should be nondischargeable in the amount of $10,-665.00.