In the Matter of Frank J.
PECHAR, Jr., Debtor.

Patrick J. MOORE, Plaintiff,

v.

Frank J. PECHAR, Jr., Defendant.

Bankruptcy Nos. BK86–2786, A86–335.

United States Bankruptcy Court,
D. Nebraska.

Oct. 13, 1987.

Richard A. Rowland, Omaha, Neb., for plaintiff.

Mary T. Powers, Omaha, Neb., for defendant.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

Hearing on plaintiff's complaint objecting to the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6) was held on September 15, 1987. Richard Rowland of Omaha, Nebraska, appeared on behalf of the plaintiff and Mary Powers of Omaha, Nebraska, appeared on behalf of defendant.

This memorandum opinion shall constitute this Court's findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

### Facts

On October 5, 1985, debtor ran a red light at an intersection in Omaha, Nebraska, and collided with plaintiff, causing serious injury to plaintiff which resulted in hospital costs, loss of several weeks of work and total loss of plaintiff's automobile.

At the time of the accident, the debtor did not have liability insurance.

In addition to being without liability insurance at the time of the accident, the debtor was unable to prove to the State of Nebraska that he would be able to pay any judgments obtained against him as a result of the accident and, therefore, his driver's license was suspended under Section 60–507, R.R.S.Neb. (1984).

The plaintiff sued the debtor in the District Court of Douglas County, Nebraska, in May of 1986. Although defendant was personally served with summons and petition, he did not answer. Trial was held on August 1, 1986, and defendant did not appear. The State District Court heard evidence in the case and entered an order for default judgment against the defendant and judgment for the plaintiff in the amount of $6,000, with interest thereon from date of judgment and costs of $58.94.

Shortly after defendant received notice of the judgment entry, he filed a petition for relief under Chapter 7 of Title 11, United States Code. Plaintiff then filed a timely complaint objecting to the dischargeability of the debt.

This debtor, at the time of the collision, was employed at a relatively low hourly wage, lived in an apartment and paid monthly rent, owned or was paying for a motor vehicle, investigated the cost of liability insurance and made a determination that he was unable to afford the liability insurance premiums. Nonetheless, knowing that he could lose his driver's license if he had an accident and was not carrying liability insurance, he continued to operate the vehicle without such insurance.

He drove to work each day and used the vehicle on a regular basis outside of the work context.

After paying his monthly expenses including his rent and vehicle operating expenses, he had no extra disposable income and he had no savings. In other words, he had no fund available to protect the financial interests of any person who would be harmed if he was involved in an automobile accident caused by his negligence.

This Court finds that the debtor drove negligently and injured the plaintiff. In addition, the debtor drove with a conscious knowledge that if he were to injure the person or property of another by his negligent driving, he would be unable to compensate the injured party. This debtor drove instead of choosing not to drive. In other words, he gambled that he would not have a collision and would not cause injury to another during the time when he was unable or unwilling to obtain liability insurance.

Plaintiff claims that the $6,000 obligation running from the debtor to the plaintiff should not be discharged because such obligation should be determined to be for willful and malicious injury to the plaintiff or to the plaintiff's property under 11 U.S.C. § 523(a)(6).

### Decision

The judgment rendered in the State District Court is nondischargeable under 11 U.S.C. § 523(a)(6).

### Discussion and Conclusions of Law

For a debt to be nondischargeable under § 523(a)(6) the Court must find that it was "willful", meaning intentional or deliberate. See, e.g., *Matter of Morgan*, 22 B.R. 38, 39 (Bkrtcy.D.Neb.1982); see also *In re Long*, 774 F.2d 875, 880 (8th Cir. 1985). In addition, the act by the debtor must be "malicious". Malicious conduct is that which is certain or substantially certain to cause injury. *In re Long*, 774 F.2d 875 at 881 (8th Cir.1985). Although the *Long* case concerned conversion of property in which the creditor has a security interest and the analysis was directed at determining whether or not such conversion was willful and malicious under the statute, the definition of willful and malicious under the *Long* case is the guiding definition for any debt alleged to be nondischargeable under Section 523(a)(6). While it is almost impossible for a creditor to prove intentional harm, under the standard articulated by the Eighth Circuit in the *Long* case, the likelihood of harm in an objective sense may be considered in evaluating intent. *Long*, at 881.

**570**

At the time that this collision occurred, Section 60–507 of the Nebraska Statutes, commonly referred to as the Motor Vehicle Safety Responsibility Act (Act) provided that automobile drivers involved in collisions with bodily injury or property damage occurring must be able to prove to the state that such driver could respond in damages for liability in the amount of $25,-000 because of such injury. Failure to be able to provide such proof will result in the suspension of the operating privileges represented by the driver's license. If such an operator shows to the state that the operator has a liability insurance policy, evidence of the existence of such policy is sufficient to take the driver out of the financial responsibility section of the statute.

The debtor deliberately, intentionally, willfully and for purposes of the Bankruptcy Code, maliciously, drove his vehicle with no attempt to protect those innocent persons who would be injured by his driving. It is also clear from the facts that his driving was willful. It is also clear from the facts that he knew if an injury occurred, he would be unable to respond financially and that, therefore, the injured party would assume the whole burden of the financial loss caused by this debtor. This Court finds that the elements of willful and malicious as defined in the case of *In re Long* decided by the Eighth Circuit in 1985 have been met and that the obligation represented by a judgment running against this debtor and in favor of this creditor is nondischargeable.