**In re Dawn M. SCHULTZ, Debtor.**

**AUSTIN MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Dawn M. SCHULTZ, Defendant.**

Bankruptcy No. 88–00603.
Adv. No. 88–0173.

United States Bankruptcy Court,
E.D. Wisconsin.

Aug. 2, 1988.

Francis J. Slattery, Oshkosh, Wis., for plaintiff.

Thomas J. King, Oshkosh, Wis., for defendant.

DECISION

M. DEE McGARITY, Bankruptcy Judge.

This adversary proceeding was brought by the plaintiff, Austin Mutual Insurance Company, to determine dischargeability of a debt under 11 U.S.C. § 523(a)(6). The debtor, Dawn M. Schultz, has moved for summary judgment asking that the debt be declared dischargeable as not arising from the willful and malicious conduct of the debtor. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

For the reasons set forth below, the debtor's motion will be granted.

FACTS

The following facts are not in dispute. On December 4, 1987, a car driven by the debtor struck another vehicle insured by the plaintiff, causing damage to that vehicle in the amount of $5,141.87. The debtor did not carry liability insurance at the time. Austin Mutual paid the owner, its insured, $4,891.87 to repair the damage. Because Austin Mutual alleges negligence on the part of the debtor and is subrogated to the rights of the insured, it seeks to recover that amount from her. It claims that the alleged negligent driving, combined with failure to carry liability insurance, constitute a willful and malicious act under 11 U.S.C. § 523(a)(6).[1]

---

1. § 523 Exceptions to Discharge
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does

not discharge an individual debtor from any debt—

## DECISION

Bankruptcy Rule 7056(c), which incorporates Rule 56(c) of the Federal Rules of Civil Procedure, states in pertinent part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Bankruptcy Rule 7056. Summary judgment is an extreme remedy, and in considering a motion for summary judgment, the facts must be viewed in a light most favorable to the party opposing the motion. *Brock v. American Postal Workers Union*, 815 F.2d 466, 469 (7th Cir.1987).

■ In order to have a debt declared nondischargeable under § 523(a)(6), the plaintiff/creditor must show that the debtor's act was both "willful" and "malicious." *In re Nelson*, 35 B.R. 765 (Bankr.N.D.Ill. 1983). Bankruptcy courts have consistently defined "willful" as intentional or deliberate and voluntary. *Id.* at 769. There has been a split of opinion, however, as to the definition of "malicious." An early line of cases interprets "malicious" as requiring an "intent to do harm" to the particular creditor. *See e.g. In re Matter of Ricketts*, 16 B.R. 833 (Bankr.N.D.Ga.1982); *In re Aldrich*, 16 B.R. 825 (Bankr.W.D.Ky.1982); *In re Matter of Gentis*, 10 B.R. 209 (Bankr. S.D.Ohio 1981). A more recent line of cases, including opinions from within the Seventh Circuit, follow a looser standard, requiring only a finding of implied or constructive malicious intent. *See e.g. In re Condict*, 71 B.R. 485 (Bankr.N.D.Ill.1987); *In re Hallahan*, 78 B.R. 547 (Bankr.C.D.Ill. 1987); *In re Cullen*, 71 B.R. 274 (Bankr.W. D.Wis.1987). *But see In re Wright*, 66 B.R. 403 (Bankr.S.D.Ind.1986) (driving while intoxicated did not qualify as "willful and malicious act" under 11 U.S.C. § 523(a)(6) without direct evidence of intent to injure).

The looser standard applies in this case. Implied or constructive malicious intent can be established by showing that the debtor realized her act would harm the creditor's interest and proceeded in the face of that knowledge. *Nelson, supra,* at 768. "Intent to harm" under "malicious" can include commitment of a wrongful act by the debtor with no intent to cause injury, such as the situation where a debtor intends to "borrow" property (insurance proceeds from destruction of mobile home) for a short period of time with no intent to inflict injury but in which injury is in fact inflicted. *Id.* at 775. The "borrowing" is in itself a wrongful act sufficient to deny dischargeability for the consequences of that act, i.e., loss to the creditor.

■ Acts of negligence do not rise to the level required by these standards. *See Nelson, supra.* This was not always so. The leading case regarding "willful and malicious injury" was *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). In *Tinker*, the Supreme Court wrote: " . . . [w]e think a wilful disregard of what one knows to be his duty, an act which is against good morals, and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception." *Id.* at 487, 24 S.Ct. at 509. This language was used as justification for findings of nondischargeability in cases involving personal injury liabilities arising out of automobile accidents where reckless or even negligent conduct was the cause of injury. *Harrison v. Donnelly*, 153 F.2d 588 (8th Cir.1946); *Den Haerynck v. Thompson*, 228 F.2d 72 (10th Cir.1955).

Congress disagreed with this interpretation of the language in *Tinker*. The official Congressional comments accompanying § 523(a)(6) read as follows:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph,

(6) for willful and malicious injury by the debtor to another entity or to the property of

another entity.

willful means deliberate or intentional. To the extent that *Tinker v. Colwell* (citation omitted) held that a looser standard is intended, and to the extent that other cases have relied on Tinker to apply a reckless disregard standard, they are overruled.

Sen.Rept. No. 95–989, 95th Cong., 2d Sess. (1978), p. 79, U.S.Code Cong & Admin. News 1978, pp. 5787, 5865; *also* House Report No. 95–595, 95th Cong. 1st Sess. (1977), p. 365 U.S.Code Cong. & Admin. News 1978, pp. 5787, 6320–6321.

Ever since this Congressional statement, "willful" has been held to mean intentional or deliberate, while "malicious" has encompassed both actual intent to injure, as well as, more recently, the constructive intent described in *Tinker* and expressed by the Seventh Circuit in *Nelson.*

Viewing the facts in a light most favorable to the party opposing the motion, it will be assumed for purposes of this decision that the debtor was guilty of negligent driving.

Austin Mutual places its principal reliance on a case from the Eight Circuit, *In re Pechar,* 78 B.R. 568 (Bankr.D.Neb.1987). In *Pechar,* the bankruptcy court found that the debtor drove negligently by running a red light and injured the plaintiff. In addition, he drove with a conscious knowledge that if he were to injure another by negligent driving, he would be unable to compensate the injured party because he did not carry liability insurance and had no assets. The court cited *In re Long,* 774 F.2d 875, 881 (8th Cir.1985), for a definition of "malicious": "[m]alicious conduct is that which is certain or substantially certain to cause injury." The debtor's negligent driving without liability insurance was found to fit within this definition.

*In re Long* concerned whether the debtor's conversion of property in which the creditor had a security interest was willful and malicious. The *Long* facts constitute a situation where the act itself was wrongful, and the act is substantially certain to cause injury. Neither the *Pechar* facts nor the facts in the instant case lead anywhere near the certainty of harm. Unless a driver is impaired in some manner, it is highly unlikely that any given incident of driving will result in injury. Most drivers reach their intended destinations without harming anyone, and most do not anticipate or intend that they will be negligent in the operation of their vehicles.

Driving without liability insurance in Wisconsin is not wrongful in itself. *See* Wis.Stat. § 344.12 requiring deposit for security for damage suffered by the other party to an accident resulting in bodily injury or death or property damage over $500. The statutory requirement does not arise until *after* such an accident occurs. Negligent driving is not an intentional act (no one intends to drive carelessly), but rather a negligent act. Putting negligence together with failure to carry liability insurance still does not make driving an intentional act which the debtor realized would harm a creditor's interest and which she nevertheless proceeded to do.

It would be contrary to Congressional intent to find a debt caused by no more than ordinary negligence nondischargeable under that section. For this reason, this court disagrees with *In re Pechar* and will grant the debtor's motion for summary judgment that her debt to Austin Mutual Insurance Company be determined dischargeable under 11 U.S.C. § 523(a)(6).

This decision stands as the court's findings of fact and conclusions of law under Bankruptcy Rule 7056. An order will be entered accordingly.