**Frank J. PECHAR, Jr.,**
**Appellant/Defendant,**

v.

**Patrick J. MOORE, Appellee/Plaintiff.**

No. CV 87-0-767.
Bankruptcy No. 86-2786.
Adv. No. 86-335.

United States District Court,
D. Nebraska.

Dec. 29, 1988.

Mary T. Powers, Omaha, Neb., for appellant/defendant.

Richard Rowland, Omaha, Neb., for appellee/plaintiff.

## MEMORANDUM and ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on appeal from the determination by the United States Bankruptcy Court for the District of Nebraska that the appellant's liability to the appellee is nondischargeable by virtue of 11 U.S.C. § 523(a)(6). I find that the debt is dischargeable under § 523(a)(6), and therefore, reverse the decision of the bankruptcy court.

### FACTS

The parties do not dispute the following findings of fact made by the bankruptcy court.

On October 5, 1985, appellant ran a red light at an intersection in Omaha, Nebraska, and collided with the appellee. In running the red light, the appellant was negligent, and as a result of such negligence, the appellee was injured.

At the time of the accident, appellant did not have liability insurance, and he was conscious of this fact. The appellant was aware that he did not have liability insurance because he investigated the cost of liability insurance and made a determination that he was unable to afford the premiums. In addition to being without liabili-

ty insurance at the time of the accident, the appellant knew that he would not be able to pay any judgment obtained against him as a result of an accident caused by his negligence. The appellant was also unable to prove to the state that he would be able to pay any judgments obtained against him as a result of his accident. Thus, the appellant's driver's license was suspended under the Nebraska Motor Vehicle Safety Responsibility Act, Neb.Rev.Stat. § 60–507.

The appellee sued the appellant in the district court of Douglas County, Nebraska, in May of 1986. The appellee's petition alleged that he suffered damages as a result of the appellant's negligence. Appellant did not answer the petition or appear at the trial. Thus, appellee obtained a default judgment in the amount of $6,000, with interest thereon from the date of judgment, and costs of $58.94.

After receiving notice of the judgment, the appellant filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. The appellee then brought an adversary action in bankruptcy court claiming that the $6,000 obligation running from the appellant to the appellee should not be discharged because such obligation is for the willful and malicious injury to the appellee under 11 U.S.C. § 523(a)(6).

The bankruptcy court held that the judgment rendered in the state district court is nondischargeable under 11 U.S.C. § 523(a)(6). 78 B.R. 568.

The issue on appeal is whether a judgment debt arising out of appellant's negligent use of an automobile is nondischargeable as a debt for willful and malicious injury to the appellee by virtue of the fact that the appellant deliberately and consciously drove the automobile without liability insurance or financial security?

## DISCUSSION

This Court may review the bankruptcy court's legal conclusions *de novo* but the bankruptcy court's findings of fact may not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987);

*In Re Martin,* 761 F.2d 472, 474 (8th Cir. 1985).

Section 523(a)(6) of the Bankruptcy Code states:

(a) A discharge under § 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In order for a debt to be nondischargeable under § 523(a)(6), the Court must find that the debt is for willful and malicious injury. An act done willfully means an act done deliberately and intentionally, and a malicious act is an act which is certain or substantially certain to cause injury. *In re Long*, 774 F.2d 875, 880–881 (8th Cir.1985).

The bankruptcy court relied upon these standards and definitions in holding that the debt involved in this case is nondischargeable. The bankruptcy court held:

The debtor deliberately, intentionally, willfully and for purposes of the Bankruptcy Code, maliciously, drove his vehicle with no attempt to protect those innocent persons who would be injured by his driving. It is clear from the facts that his driving was willful. It is also clear from the facts that he knew if an injury occurred, he would be unable to respond financially and that, therefore, the injured party would assume the whole burden of the financial loss caused by this debtor. This Court finds that the elements of willful and malicious as defined in the case of *In re Long* decided by the Eighth Circuit in 1985 have been met and that the obligation represented by a judgment running against this debtor and in favor of this creditor is nondischargeable.

In this case, however, it was not the appellant's failure to procure insurance which caused the injury. It was the appellant's negligence which caused the injury. The judgment that the appellee obtained was not obtained because the appellant failed to comply with the Nebraska Motor Vehicle Safety Responsibility Act. The judgment was obtained because the appel-

lant was found to be negligent when he failed to appear at trial in state court. The injury which resulted in a debt being created arose from the appellant's negligent act of driving, and not the appellant's intentional acts of failing to procure insurance or failing to assure ability to compensate an injured party. Thus, the $6,000 debt is a debt for "negligent" injury. It is not a debt for "willful" or "malicious" injury. Only the latter type of debt may be found nondischargeable.

The bankruptcy court relied upon *In re Long* for its decision. However, in *In re Long,* the act giving rise to the injury was itself wrongful, and the act was substantially certain to cause injury. Under the present facts, noncompliance with the Nebraska statute may be wrongful, but it is not substantially certain to cause injury. Even if a driver has no liability insurance or financial means to compensate an injured party, an injury will not occur unless the driver causes an accident. The chances of having an accident each time the uninsured driver gets in the car to drive are very low. *See In re Schultz,* 89 B.R. 28, 30 (Bkrtcy.E.D.Wis.1988). The mere act of driving without insurance or ability to compensate an injured party is not substantially certain to cause injury.

For the reasons stated above, the Court finds that the decision of the bankruptcy court should be reversed.

IT THEREFORE IS ORDERED that the decision of the bankruptcy court is reversed, and that the debt arising from the entry of the default judgment against the appellant in the state district court is dischargeable in bankruptcy. This matter is remanded to the bankruptcy court for all necessary proceedings consistent with this opinion.