In the Matter of Lauri D. KIMSEY, Debtor.

Patrick CONROY, Plaintiff,

v.

Lauri D. KIMSEY, Defendant.

Bankruptcy No. BK88–00485.
Adv. No. A88–0117.

United States Bankruptcy Court,
D. Nebraska.

Feb. 21, 1989.

Thomas L. Beam, Knudsen, Berkheimer, Richardson & Endacott, Lincoln, Neb., for plaintiff.

Gregory A. Pivovar, Omaha, Neb., for debtor/defendant.

## MEMORANDUM

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER came before the court for a trial on December 14, 1988, upon the

complaint to determine dischargeability of debt under 11 U.S.C. § 523(a)(6). This section provides, in pertinent part, that a discharge does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

## FINDINGS OF FACT

This adversary proceeding arises out of a tort judgment for $2,197.65, which the plaintiff claims is a non-dischargeable debt. On June 20, 1987, the plaintiff, Patrick Conroy was the owner of a 1979 Toyota Corolla and 1981 Chevy Chevette. Both vehicles were damaged due to the negligent driving of the defendant, Lauri Kimsey, who drove her 1974 Toyota Corolla into plaintiff's parked vehicles. Because of the defendant's negligence, plaintiff's two vehicles were damaged in the aggregate amount of $2,197.65. At the time of the accident, the defendant, Lauri Kimsey drove her vehicle upon the streets of Omaha in willful violation of the Nebraska Motor Vehicle Safety Responsibility Act ("Act").

The Nebraska Act requires each owner of a vehicle licensed in the state to have "in his or her motor vehicle, at all times when the vehicle is operated in this state, current and effective proof of financial responsibility." Neb.Rev.Stat. § 60–570 (cum. supp. 1986). Section 60–528 (cum. supp. 1986) provides that proof of financial responsibility may be established in various ways, including obtaining insurance, posting a bond or certificate of deposit, or obtaining a certificate of self-insurance.

At the time of the collision, the defendant, Ms. Kimsey had neither liability insurance, nor the ability to establish any other form of financial responsibility.

Prior to trial, the plaintiff filed a motion for summary judgment (Fil. # 13). The motion for summary judgment is hereby overruled because there exists a question of material fact as to whether the damages caused to the plaintiff's vehicles were from the willful and malicious conduct of the defendant, Lauri Kimsey.

## DISCUSSION

There are two acts or omissions by the defendant which could be asserted as providing a basis for barring discharge under 11 U.S.C. § 523(a)(6). The first act involved damaging plaintiff's vehicles in an automobile collision. The second act or omission of the defendant involved the defendant's failure to comply with the Nebraska Motor Vehicle Safety Responsibility Act. If either act caused the damages and the act was willful and malicious, discharge of the $2,197.65 debt would be barred.

I conclude that the plaintiff has not met its burden of establishing that the debtor's conduct was willful and malicious. Accordingly, I conclude that the claims of the plaintiff are not excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

Under the Eighth Circuit Court of Appeals decision in *In re Long*, 774 F.2d 875 (8th Cir.1985), the court set forth its view as to the meaning of "willful and malicious." Willfulness and malice are separate and distinct elements of § 523(a)(6), which are to be analyzed separately in determining whether a debt is dischargeable. There is a consensus of opinion that "willful" means intentional or deliberate. *See In re Long*, 774 F.2d at 880; *In re Morgan*, 22 B.R. 38, 39 (Bkrtcy.D.Neb.1982). The element of "malice," however, is more troublesome. Some courts interpret § 523(a)(6) as barring discharge through implied or constructive malice. If willful or reckless action results in harm, these courts would deem the actor's conduct malicious without a finding of specific intent to cause harm. *See e.g., In re Schultz*, 89 B.R. 28 (Bkrtcy. E.D.Wis.1988); *In re Hallahan*, 78 B.R. 547 (Bkrtcy.C.D.Ill.1987); *In re Condict*, 71 B.R. 485 (Bkrtcy.N.D.Ill.1987).

Other courts, including the eighth circuit, have reasoned that the concept of malice entails more than mere willfulness or reckless disregard of one's rights. These courts hold that a finding of malice must be based on a specific intention to cause harm. *See e.g., In re Long*, 774 F.2d at 880; *In re Cecchini*, 37 B.R. 671 (App. 9th Cir.BAP 1984); *In re Gallaudet*, 46 B.R. 918 (Bkrtcy.D.Vt.1985).

The specific test formulated by the eighth circuit to determine whether a debt is non-dischargeable under the willful and malicious standard of § 523(a)(6) focuses on whether the conduct at issue is "(1) headstrong and knowing ("willful") and (2) targeted at the creditor ("malicious"), at least in the sense that the conduct is certain or almost certain to cause ... harm." *In re Long,* 774 F.2d at 881.

### The Act of Negligent Driving

■ Returning to an analysis of the present facts, the first act of the defendant, Lauri Kimsey, which may provide a basis for barring discharge under § 523(a)(6) is her negligent driving. The initial issue to determine is whether this act was "willful" within the meaning of § 523(a)(6). I conclude that it was not. Acts of negligence, standing alone, do not rise to the level of willfulness. *See In re Long,* 774 F.2d at 880. *See also, In re Schultz,* 89 B.R. at 30. Negligence is neither willful, deliberate or intentional. Thus, defendant's act of negligent driving was not an act done willfully.

There is no evidence of record upon which this court will conclude that the driving activity of the debtor was malicious under § 523(a)(6). The debtor caused damage by the debtor's simple negligence. Ms. Kimsey did not have the specific intent to cause harm to the plaintiff. Although it is unresolved whether the eighth circuit's requirement that an act be "targeted at the creditor" requires the actual identity of the creditor to be known to a debtor in advance of the harm, Ms. Kimsey's acts were nevertheless not targeted at the plaintiff individually. Indeed, there is no evidence of record that the defendant intended to cause harm to the plaintiff or any other particular person. Thus, the defendant's act of negligent driving was not done with malice.

■ The plaintiff asserts that the defendant's failure to appear at trial, and the failure of the defendant to appear at a deposition raises an inference that the testimony of the debtor would have been unfavorable. I am not willing to infer that the defendant's acts were malicious based solely upon the defendant's failure to appear at trial or at a deposition, especially in light of the fact that plaintiff did not subpoena the defendant as a witness.

■ The plaintiff also asserts that some weight should be given to the defendant's attempt to flee from the scene after the accident. I conclude that although the act of the defendant in fleeing from the scene of the accident may have been wrongful, it is of little or no relevance to the question of whether defendant's acts were "malicious."

The plaintiff suggested at trial that defendant was intoxicated or otherwise incapacitated at the time of the accident. The only evidence of record on this point is the testimony of the plaintiff, Mr. Conroy. His testimony was speculative. Although Mr. Conroy's testimony was open and candid, I cannot conclude that the defendant was intoxicated or incapacitated at the time of the accident based on his testimony. Mr. Conroy had a limited opportunity to observe the defendant and he was not qualified as an expert.

Based on the foregoing, the plaintiff has not shown that the damage to his vehicles was caused by defendant's willful or malicious operation of her vehicle. Therefore, the court concludes that the defendant did not operate her vehicle in a willful and malicious manner.

### Defendant's Non-Compliance with the Act

■ The second act or omission of the defendant that may bar discharge is the defendant's failure to comply with the Nebraska Motor Vehicle Safety Responsibility Act. I conclude that the failure to comply with the Act does not *per se* render claims for automobile collisions non-dischargeable under § 523(a)(6). I further conclude that the defendant's failure to comply with the Act in this case does not render her $2,197.65 debt non-dischargeable as a willful and malicious injury under § 523(a)(6).

Plaintiff relies on *In re Pechar,* 78 B.R. 568 (Bkrtcy.D.Neb.1987), to assert that defendant's failure to comply with the Act renders her debt non-dischargeable as a willful and malicious injury. Although *In*

*re Pechar* held that an injury caused while a debtor was driving his automobile in willful non-compliance of the Act was a willful and malicious injury, plaintiff's reliance on this case is misplaced. This case was recently overruled by the United States District Court for the District of Nebraska. *Pechar v. Moore*, 98 B.R. 488 (D.Neb.1988) (Cambridge, J., presiding). In holding that the failure to comply with the Act does not render an injury willful and malicious, the district court reasoned that it is not the debtor's failure to procure insurance which causes the injury. Rather, the injury is caused by the debtor's negligence.

I conclude that a failure to comply with the Act does not *per se* render claims for automobile collisions non-dischargeable under § 523(a)(6). A court must consider the facts and circumstances of each case. Although a failure to comply with the Act may be willful in that an insured intentionally fails to obtain or renew an insurance policy, non-compliance may also be due to inadvertence or neglect in allowing a policy to lapse, or a financial inability to obtain or renew a policy. *See In re Bafford,* 61 B.R. 631 (Bkrtcy.W.D.Tenn.1985). Further, even assuming that a debtor willfully fails to comply with the Act, it does not necessarily follow that injuries caused by an automobile collision are caused by a malicious failure to comply with the Act.

Having concluded that a failure to comply with the Act does not *per se* render defendant's debt non-dischargeable, it is appropriate to turn to the facts and circumstances of this case. I conclude that the defendant's failure to comply with the Nebraska Motor Vehicle Safety Responsibility Act in this case does not render her $2,197.65 debt non-dischargeable as a willful and malicious injury under § 523(a)(6). But for the failure to comply with the Act, the plaintiff would have been reimbursed for his damages. In this sense, the failure to comply with the Act caused damages to the plaintiff. In this case, I thus conclude that there is causation in fact and that the failure to insure or otherwise comply with the Act was willful. However, there is no evidence that the failure to obtain insurance or otherwise comply with the Nebraska Motor Vehicle Safety Responsibility Act was malicious. The mere failure to comply with the Act, although wrongful under Nebraska law, is not an act "which is certain or substantially certain to cause injury." *In re Long,* 774 F.2d at 881. *See also, In re Schultz,* 89 B.R. at 30. Malice does not exist in this case and it is difficult to hypothesize a set of facts where the failure to insure or to otherwise comply with a motor vehicle safety responsibility act would be malicious.

For the reasons set forth herein, the plaintiff has not demonstrated that the damage to his vehicles was caused by a willful and malicious act of the defendant. Neither the defendant's act of negligent driving, nor the defendant's act or omission in failing to comply with the Nebraska Motor Vehicle Safety Responsibility Act was willful and malicious under § 523(a)(6). Therefore, I conclude that the $2,197.65 debt is dischargeable.

In bankruptcy cases, there is an overriding policy to give the debtor a fresh start. The essential attribute of a fresh start is the discharge of debt. The defendant in this case has an obligation under state law to pay for damages to plaintiff's vehicles. There is no dispute about this. However, this plaintiff, like other creditors and claimants in bankruptcy cases, is relegated to the position of unsecured creditors with limited rights. Although there are very strong policy considerations that weigh in favor of barring discharge of debt where there has been a failure to comply with motor vehicle safety responsibility acts, this is an inherently legislative decision and these types of claims are not excepted from discharge under current law. *See* 11 U.S.C. § 523.

A separate order will be entered consistent herewith.