In re Frank W. FATE, Debtor.

Doreen MADDEN, Plaintiff,

v.

Frank W. FATE, Defendant.

Bankruptcy No. 88–10474–CJK.
Adv. No. 88–1276–CJK.

United States Bankruptcy Court,
D. Massachusetts.

June 2, 1989.

E. David Levy, Stoughton, Mass., for plaintiff.

Steven L. Berger, for defendant.

## MEMORANDUM OF DECISION

CAROL J. KENNER, Bankruptcy Judge.

The plaintiff, Doreen Madden, seeks a determination that the debt owed to her by the defendant and Debtor, Frank W. Fate, is excepted from discharge by operation of 11 U.S.C. Sec. 523(a)(6) as a debt for willful and malicious injury. The debt in question is a debt for personal and financial injuries caused by the defendant's having driven his automobile (1) with reckless disregard for the safety of those around him and (2) in violation of G.L. c. 90, Sec. 34J, a Massachusetts statute that prohibited him from operating an uninsured automobile. The issue raised is whether an injury the Debtor causes through reckless disregard while he was driving in violation of G.L. c. 90, Sec. 34J is a "willful and malicious injury" within the meaning of 11 U.S.C. Sec. 523(a)(6). I rule that by driving recklessly and without insurance, the defendant acted with malice, but not with the willfulness required by Sec. 523(a)(6), therefore, I conclude that judgment should enter for the defendant.

### Findings of Fact

On the basis of evidence presented at trial, I find the facts to be as follows: When the accident occurred, the plaintiff and defendant were travelling North on Route 3 in their respective vehicles, he in the right lane and she in the left. The defendant, who was travelling well in excess of the legal speed limit and was oblivious to the traffic around him, caused the accident by moving into the plaintiff's lane without first looking to see whether the lane was clear. It was not. He bumped the plaintiff's vehicle out of that lane and into oncoming traffic, injuring her severely. The defendant did not intend to injure the plaintiff or to hit her vehicle; he acted with reckless disregard for the safety of those around him, but not intentionally.

At the time of the accident, the defendant was violating a Massachusetts statute, G.L. c. 90, Sec. 34J (as amended by St.1985, c. 806, Sec. 1) by operating a motor vehicle for which he had neither obtained a motor vehicle liability policy nor posted the bond or deposit required by the provisions of G.L. c. 90. General Law c. 90, Sec. 34J is part of a compulsory financial responsibility statute that requires Massachusetts motor vehicle operators to maintain a quantum of motor vehicle liability coverage (or to post a bond or a deposit) as a condition of operating their vehicles. At the time of the accident, the defendant was aware of this law and knew that he had no motor vehicle liability insurance and could not otherwise satisfy the statute's financial responsibility requirements. Thus, he knowingly violated Sec. 34J.

After the accident, the plaintiff filed a civil complaint against the defendant in Massachusetts Superior Court for damages arising out of the accident. The defendant was duly served, but failed to defend, so the Superior Court entered judgment against him for the amount sought, one million dollars. Shortly thereafter, the defendant filed his petition under Chapter 7 of the Bankruptcy Code.

### Discussion

Section 523(a)(6) of the Bankruptcy Code states as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. Sec. 523(a)(6). This exception thus applies to injuries that are both willful and malicious. The Bankruptcy Code does not define the terms "willful" and "malicious", but the case law and legislative history do.

■ "Willful" means deliberate or intentional. It requires a deliberate or intentional act that necessarily leads to the injury complained of. *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987); *In re Cecchini*, 780 F.2d 1440 (9th Cir.1986); *In re Franklin*, 726 F.2d 606, 610 (10th Cir.1984); *Matter of Quezada*, 718 F.2d 121 (5th Cir.1983). To satisfy the willfulness requirement, the plaintiff need not show intent to injure; but she must at least prove intent to do an act that necessarily leads to injury. *Perkins v. Scharffe, supra*, at 393, 394. ("Willful" requires only "an intentional act that results in injury," not necessarily "an act with intent to cause injury.") *In re Cecchini, supra*, at 1443 ("When a wrongful act ... necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure."). A negligent act or even one committed with reckless disregard for the safety of another will not suffice. The legislative history makes this clear,[1] and the courts have followed the legislative history on this point. See, for example, *In re McCloud*, 7 B.R. 819, 823–825 (Bankr.M.D.Tenn.1980) and *In re Trudeau*, 35 B.R. 185, 187 (Bankr.D.Mass. 1983). This Court too follows the legislative history on this point because the history comports with the plain meaning of the term willful. It merely affirms that willful means willful, not reckless or negligent.

■ The second term of Sec. 523(a)(6), "malicious," is not a requirement of ill will or of a specific intention to harm another, though either of these would constitute malice. The term has a more general meaning. It refers to an act done in conscious disregard of one's duties, one without just cause or excuse. *In re Trudeau, supra*, at 187; *In re Pereira*, 44 B.R. 248, 251 (Bankr.D.Mass.1984); *In re Katz*, 20 B.R. 394, 397–398 (Bankr.D.Mass.1982).

Section 523(a)(6) applies only to injuries that are both willful and malicious. Here, the plaintiff suffered two injuries: the personal injuries she suffered in the accident itself, and the financial injury she sustained because the defendant failed to comply with his obligations under the Massachusetts compulsory insurance law. The Court must determine with respect to each injury whether it was both willful and malicious.

■ The injuries arising out of the accident itself were malicious, but not willful. The defendant caused the accident by driving with reckless disregard for those around him on the highway, but he did not intend to hit the plaintiff's vehicle or to harm her. By driving with reckless disregard, the defendant was acting in conscious disregard of his duty towards the plaintiff and towards others on the highway; therefore, the injury he caused was malicious within the meaning of Sec. 523(a)(6). But an injury inflicted in reckless disregard is not an intentional injury. The defendant did not act with the intent necessary to make this a willful injury, so the debt arising from the accident itself cannot be excepted from discharge by Sec. 523(a)(6).

The second injury is the financial injury caused by the defendant's operation of an uninsured motor vehicle, his violation of G.L. c. 90, Sec. 34J. I rule that this injury was malicious because the defendant knew at the time the accident occurred that he was violating Massachusetts law by driving an uninsured vehicle. He was consciously

---

**1.** The Senate and House Reports both state as follows: "Under this paragraph 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." S.Report 989, 95th Cong., 2d Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865; H.R.Rep. 595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6320, 6321.

disregarding his duty. The resultant injury was therefore malicious.

The act is not also willful, however, because the act—driving an uninsured motor vehicle—did not necessarily lead to injury. In order for an act to be "willful" it must necessarily lead to the injury in question. The act of driving an uninsured vehicle creates a risk that the driver will thereby cause injuries for which he will be unable to compensate the victim, but it does not necessarily lead to such injuries. One who violates a law that prohibits the driving of uninsured vehicles may thereby act negligently or (if he is given to reckless driving) recklessly, but the violation alone does not cause or necessitate financial injury. The financial injury inflicted by the defendant's violation of G.L. c. 90, Sec. 34J is not a willful injury within the meaning of Sec. 523(a)(6).

One court has held, on facts very similar to the facts in this case, that the debt incurred when a debtor negligently injures another while driving in violation of a compulsory financial responsibility law is a debt for willful and malicious injury. See *In re Pechar*, 78 B.R. 568 (Bankr.D.Neb. 1987). The court in *Pechar* reasoned simply that the Debtor's violation of the statute had been willful and malicious. *Id.* at 570. It neither noted nor commented on the difficulty presented by the absence of the necessary causative relation—the relation of inevitability—between the violation of the statute and the injury complained of.

I find that difficulty insurmountable, as did three other courts that have ruled on similar facts. In *In re Schultz*, 89 B.R. 28 (Bankr.E.D.Wisc.1988), the court disagreed with *Pechar* and found in favor of the Debtor because the act of driving without liability insurance was neither certain nor substantially certain to cause injury. *Id.* at 30. The court explained that "[p]utting negligence together with failure to carry liability insurance still does not make driving an intentional act which the debtor realized would harm a creditor's interest and which she nevertheless proceeded to do." *Id.* Likewise, in *In re Eberhardt*, 92 B.R. 773 (Bankr.E.D.Tenn.1988), the court

dismissed the plaintiff's complaint under Sec. 523(a)(6) for failure to state a claim upon which relief could be granted because the debtor's alleged failure to maintain automobile insurance could not necessarily have lead to the injury complained of. *Id.* at 777. "Obviously, the failure to carry insurance does not necessarily lead to injuries inflicted in an automobile accident." *Id.* See also *Matter of Kimsey*, 97 B.R. 1003, 19 B.C.D. 23, 25 (Bankr.D.Neb.1989).

A similar issue has arisen with respect to the financial injuries occasioned by employees who, in violation of state laws, failed to carry Workers' Compensation Insurance. In cases dealing with that issue, the courts have focussed on the absence of inevitability of harm. In *In re Scott*, 13 B.R. 25 (Bankr.C.D.Ill.1981), the court ruled that the financial injury the debtor's employee suffered when the debtor failed, in violation of Illinois law, to maintain Workmen's Compensation Insurance was not a willful and malicious injury within the scope of Sec. 523(a)(6) because the failure to insure did not inevitably cause harm. The court explained:

> Failure to insure against Workmen's Compensation claims ... produced only the potential for harm. Acts producing only the potential for harm or injury are negligent but not willful ... unless the harm will inevitably follow defendant's wrongful act. Here, failure to insure does not inevitably cause harm; an uninsured employer may never have a claim resulting in a damage judgment against him.

*Id.* at 26–27. See also *In re Brower*, 24 B.R. 246 (Bankr.D.N.M.1982) and *Matter of Baitcher*, 36 B.R. 588, 594 (Bankr.N.D.Ga. 1983). Two courts reached the opposite result, but neither explained how the failure to maintain Workers' Compensation Insurance could produce anything more than a potential for harm. See *In re Strauss*, 86 B.R. 559 (Bankr.N.D.Ill.1988) and *In re Holmes*, 53 B.R. 268 (Bankr.W.D.Pa.1985)

I conclude that the financial injury caused by the Debtor's operation of an uninsured motor vehicle in violation of state law was not a willful injury as that

term is used in 11 U.S.C. Sec. 523(a)(6).[2] Therefore, the plaintiff has failed to prove that the debt owed her by the defendant and debtor arises from a willful injury; accordingly, the·debt may not be excepted from discharge under Sec. 523(a)(6).

I reach this conclusion reluctantly, recognizing that it works an injustice. The defendant may not have acted with the intent the Bankruptcy Code requires to except a debt from discharge, but he certainly acted with malice. The willfulness requirement of Sec. 523(a)(6) serves to prevent courts from interpreting too liberally the exception for debts arising from malicious injuries. The willfulness requirement may be prudent, but it has the effect of permitting the discharge of debts, such as this debt, that justice and equity would not permit to be discharged. By the narrowest interpretation of the term, the debtor acted with malice. He acted with malice and irresponsibility in two respects—by driving recklessly on a crowded highway and by driving without insurance—and he severely injured the plaintiff by doing so. Having acted reprehensibly, he can hardly be deemed the honest debtor the Bankruptcy Code was created to protect. He now seeks to compound his irresponsibility by obtaining a discharge of his debt to the plaintiff. The Bankruptcy Code permits this, but we should not pretend that the result is just. We should bear in mind too, that although the Code discharges the debt, it does not extinguish defendant's moral obligation to honor his debt to the plaintiff.

A separate judgment shall issue in accordance with this memorandum.

2. At the time of the accident, the defendant was also violating another Massachusetts law, G.L. c. 90, Sec. 9 (as amended by St.1983, c. 465, Sec. 1), by operating an unregistered automobile. The plaintiff argues that this fact is relevant because, he contends, any unlawful act that gives rise to a debt is considered to be willful and malicious under Sec. 523(a)(6). I disagree. Where the violation of law has no necessary causal relation to the injury suffered, the violation does not make the injury a willful injury. Accordingly, I deem the defendant's violation of G.L. c. 90, Sec. 9 irrelevant. The same is true for the defendant's violation of the speed limit law. Driving in excess of the legal speed limit does not necessarily lead to injury; therefore, his violation of the speed limit law does not make the plaintiff's injury a willful injury.