**In re Rufus BEX, Jr., Judy Bex, Debtors.**

**Kris Ann BEYERSDOERFER, et al., Plaintiffs,**

**v.**

**Rufus BEX, Jr., et al., Defendants.**

**Bankruptcy No. 91–00798.**
**Adv. No. 92–2024.**

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

July 30, 1992.

Edward S. Monohan, Florence, Ky., and William H. Van Herp, Covington, Ky., for plaintiffs.

M. Austin Mehr, Lexington, Ky., for defendants.

---

6. Memorandum from the Administrative Office of the United States Courts to All Clerks of Court of June 29, 1992, at 2.

MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on cross motions for summary judgment filed by the parties herein. The plaintiffs brought this action seeking the denial of discharge of the plaintiffs' claims pursuant to 11 U.S.C. § 523(a)(6) and the denial of a discharge in bankruptcy pursuant to 11 U.S.C. § 727. The motions for summary judgment presently before the Court address only the dischargeability issue pursuant to § 523(a)(6) of the Bankruptcy Code.

The matter before the Court stems from an automobile wreck involving an automobile driven by the minor son of the debtors which caused injuries to the plaintiffs. Specifically, Luther Bex ("Luther") applied for a drivers license in Kentucky and, as required by Kentucky Revised Statutes ("KRS") 186.590, Judy Bex ("Judy"), Luther's mother, agreed to be financially responsible for any damages Luther caused as a result of his driving. While the Bexes had insurance at that time, they did not add Luther to their policy and subsequently allowed the insurance to lapse prior to the accident. On December 6, 1989 Luther was involved in the accident with plaintiffs. On January 16, 1990 Luther pled guilty to reckless driving in connection with the accident. Debtor Rufus Bex, Jr. ("Rufus"), Luther's father, later pled guilty to failure to maintain insurance required by KRS 304.39–080(5) which requires owners of motor vehicles operated in Kentucky to maintain certain levels of liability insurance. KRS 304.99–060 provides criminal penalties for failure to maintain such required insurance.

The plaintiffs maintain that the combination of KRS 186.590 and 304.39–080(5), et seq., render Rufus and Judy liable for the tort of their son. Rufus and Judy respond that the injuries involved were not injuries "... by the debtor ..." as required by § 523(a)(6) and that they cannot be found to have been willful and malicious with respect to the plaintiffs' injuries where the liability involved is vicarious liability imputed to them by statute.

The question before the Court appears to be one of first impression in the District. Indeed, few if any cases are reported which have these facts involved.

The willful and malicious injury *by the debtors* alleged is the failure of the debtors to maintain the statutorily mandated insurance. "Willful and malicious" has been defined in the Sixth Circuit as conduct in conscious disregard of one's duties or without just cause or excuse. Ill will or specific intent to do harm are not required. *Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986).

Several courts have considered the question of whether the failure to maintain insurance is willful and malicious where the *debtor* was involved in the accident. Those courts have concluded that the failure to maintain insurance does not meet both the willful and malicious standards. *In re Druen*, 121 B.R. 509 (Bankr.W.D.Ky.1990), *In re Fate*, 100 B.R. 141 (Bankr.D.Mass. 1989), *Pechar v. Moore*, 98 B.R. 488 (D.Neb.1988), *In re Granda*, 98 B.R. 598 (Bankr.S.D.Fla.1989), *In re Schultz*, 89 B.R. 28 (Bankr.E.D.Wis.1988). The *Druen* case provides a good analysis of the matter under Kentucky law.

At least one other court has considered the matter of the dischargeability of tort liability imposed on parents for the intentional torts of a minor child and concluded that willful and malicious injury *by the debtor* is lacking in these circumstances. *In re Whitacre*, 93 B.R. 584 (Bankr. N.D.Ohio 1988). Judge Bodoh points out that the "willful" requirement is not met where there is no specific allegation that the parents intended that the child do the act which causes the damage to plaintiff. In the case before this Court, there is no allegation that the parents intended that the child should have an automobile wreck or, alternatively, that they deliberately allowed the required insurance to lapse with the knowledge or belief that Luther would be involved in a collision.

This Court concludes that, while the conduct of the Bexes was at least arguably malicious, the willful requirement of

§ 523(a)(6) has not been met and that the defendants are entitled to a summary judgment on that issue. The remaining issue of discharge pursuant to § 727 will be reserved for further action. A separate order will be entered pursuant to this opinion.