In re James W. **COLLINS** and Anne Carolyn Collins, Debtor.

**WORKERS' COMPENSATION TRUST FUND, Plaintiff,**

v.

**James W. COLLINS, Defendant.**

**Bankruptcy No. 88–10456–CJK.**
**Adv. No. 88–1263–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

June 2, 1989.

Thomas A. Hickey, III, Boston, Mass., for plaintiff.

Norman Novinsky, Brockton, Mass., for defendant.

## MEMORANDUM OF DECISION

CAROL J. KENNER, Bankruptcy Judge.

The Plaintiff, Workers' Compensation Trust Fund, seeks in this adversary proceeding a determination that the debt owed to it by the Defendant and Debtor, James W. Collins, is excepted from discharge pursuant to 11 U.S.C. Sec. 523(c). The Plaintiff argues that the debt in question is a debt for money obtained by false pretenses, a false representation, or actual fraud, 11 U.S.C. Sec. 523(a)(2)(A); a debt for fraud or defalcation while acting in a fiduciary capacity, 11 U.S.C. Sec. 523(a)(4); and a debt for willful and malicious injury by the Debtor, 11 U.S.C. Sec. 523(a)(6).

The Plaintiff filed a motion for summary judgment not long before the date scheduled for trial. On the trial date, the motion for summary judgment had been neither heard nor decided. At the trial, both parties felt confident that the adversary proceeding would be resolved by the motion for summary judgment, so neither party presented evidence. Instead, they presented arguments on the motion for summary judgment and forfeited their right to a trial. Accordingly, I turn to the motion for summary judgment.

Neither party submitted affidavits on the motion for summary judgment. The only evidence on file consists of the few admissions in the Defendant's answer to the amended complaint, but the Plaintiff does not rely on those admissions. Rather, it and the Defendant stipulated to the facts set forth in the statement of facts contained in the Plaintiff's memorandum in support of its motion for summary judgment.

On a motion for summary judgment, the Court must determine whether the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I conclude in this case that there is no genuine issue as to any material fact and that the moving party is, as a matter of law, not entitled to judgment.

The agreed upon facts are as follows. On August 25, 1986, the Defendant, acting in his capacity as president and director of J.W. Collins Design, Inc. ("the company"), hired Larry G. Hall to work as a carpenter for the company. Within thirty minutes of his walking on the job, Hall injured his eye (through no fault of the Defendant) in the course of his employment. When the accident occurred, neither Collins nor his company had obtained a policy of Workers' Compensation Insurance to cover Hall; Collins intended to obtain such insurance later that day. By failure to obtain Workers' Compensation Insurance to cover Hall, the Defendant was violating a Massachusetts statute, G.L. c. 152, Sec. 25A, which requires employers to provide for payment to their employees of compensation for injuries incurred in the course of their employment.

Having been precluded from recovering under a Workers' Compensation policy, Hall filed suit against the Defendant and the company in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for injuries sustained in the accident; and he assigned his right to a recovery therein to the Workers' Compensation Trust Fund, established pursuant to G.L. c. 152, Sec. 65(2)(e), which had compensated him for his injuries. On a motion for summary judgment, the Superior Court entered judgment for one million dollars in favor of Hall and, by virtue of the assignment, the Workers' Compensation Trust Fund. The Fund now contends that this judgment debt should be excepted from discharge.

■ I conclude that the debt does not fall within any of the three exceptions to discharge the Plaintiff advances. First, the debt cannot be characterized as a debt "for money, property, [or] services ... obtained by—(A) false pretenses, a false representation, or actual fraud" that 11 U.S.C. Sec. 523(a)(2)(A) would except from discharge because I have no evidence that the Defendant made a false representation (either explicitly or implicitly) to Hall and because I have no evidence that Hall relied on any representation that the Defendant might have made. In order to prove false pretenses, a false representation, or actual fraud within the meaning of Sec. 523(a)(2)(A), Plaintiff must prove (among other things) that the Defendant made a false representation to Hall and that Hall reasonably relied upon it. *In re Hill*, 44 B.R. 645, 646 (Bankr.D.Mass.1984); *In re Cokkinias*, 28 B.R. 304, 306 (Bankr.D. Mass.1983). Without evidence on these elements, the Plaintiff cannot succeed under Sec. 523(a)(2)(A).

■ Nor can the Plaintiff succeed under Sec. 523(a)(4), which excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity," because I have no evidence that the Defendant was acting in a fiduciary capacity either towards Hall or towards the Plaintiff. The term "fiduciary capacity," in general legal parlance, is not restricted to technical or express trusts. Black's Law Dictionary 564 (5th ed. 1979). As the term is used in Sec. 523(a)(6), it does apply only to technical or express trusts. See *Matter of McCraney*, 63 B.R. 64, 65–66 (Bankr.N.D. Ala.1986) and cases cited therein. I know of no statute or written instrument that created an express trust here; the Workers' Compensation laws do not create trusts of which employers are deemed to be trustees. Moreover, the Plaintiff has not identified a *res*, nor can he identify a *res*, with respect to which the Defendant can be said to have acted as trustee. Without a *res*, there can be no trust. I conclude that the Defendant was not acting in a "fiduciary capacity" as that term is used in Sec. 523(a)(4) when he hired Hall and neglected to provide Workers' Compensation coverage for him.

■ The last basis on which the Plaintiff relies is Sec. 523(a)(6), which creates an exception from discharge for debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. Sec. 523(a)(6). I conclude that this exception does not apply because the injuries—the uncompensated medical and legal expenses—suffered by Hall and by the Trust Fund were not "willful" as that term is used in Sec. 523(a)(6). "Willful" requires a deliberate or intentional act that necessarily leads to the injury complained of. *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987). But the failure to provide Workers' Compensation Insurance does not inevitably or necessarily cause harm and so cannot give rise to willful injury. See my discussion of this issue in the Memorandum of Decision issued on June 2, 1989, in *Madden v. Fate*, 100 B.R. 141 (Bankr.D.Mass.1989). See also *In re Scott*, 13 B.R. 25 (Bankr.C.D.Ill.1981) (The financial injury the debtor's employee suffered when the debtor failed, in violation of Illinois law, to maintain Workmen's Compensation Insurance was not "willful" because the failure to insure did not inevitably cause harm.); *In re Brower*, 24 B.R. 246 (Bankr.D.N.M.1982); and *Matter of Baitcher*, 36 B.R. 588, 594 (Bankr.N.D.Ga. 1983). But see *In re Strauss*, 86 B.R. 559

(Bankr.N.D.Ill.1988) and *In re Holmes,* 53 B.R. 268 (Bankr.W.D.Pa.1985). I conclude that the injuries complained of here do not qualify as "willful and malicious injuries" under 11 U.S.C. Sec. 523(a)(6).

Therefore, the Defendant's debt to the Plaintiff does not fall within any of the three exceptions to discharge the Plaintiff advances. The Plaintiff thus is not entitled to judgment as a matter of law, so the motion for summary judgment is denied. The Plaintiff having waived its right to a trial and relied exclusively on its motion for summary judgment, judgment will enter for the Defendant. A separate judgment shall enter accordingly.