**In re Claude Allen FRANCE, Debtor.**

**Michael E. HOLT, Plaintiff/Appellant,**

**v.**

**Claude Allen FRANCE,
Defendant/Appellee.**

**Civ. A. No. 90–K–1448.
Bankruptcy No. 89 B 12597 A.
Adv. No. 89 A 1414.**

United States District Court,
D. Colorado.

April 9, 1992.

---

Randy Lee Williams, Loveland, Colo., for plaintiff/appellant.

Marcia S. Kreiger, Englewood, Colo., for defendant/appellee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

The issue in this appeal is whether the bankruptcy court erred in holding that a debt arising from the debtor's failure to maintain workmen's compensation insurance was dischargeable notwithstanding §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6) of the Bankruptcy Code. These sections mandate the nondischargeability of debts arising from false pretenses, a false representation or actual fraud, defalcation of a fiduciary duty, and willful and malicious injury. I affirm.

### I. *Facts.*

In the evening of March 18, 1987, Linda Holt was abducted from the offices of Armstrong and France, an accounting firm in Ft. Collins, Colorado, and murdered. Ms. Holt had worked for the firm for several months as a tax accountant. The firm was wholly owned by the debtor, Claude Allen France. Donald Eugene Long was later apprehended and confessed to the murder. He is currently serving a life sentence at the state penitentiary.

Ms. Holt's husband, appellant Michael H. Holt, sought workmen's compensation benefits as a surviving spouse. In a decision dated July 31, 1989, the Colorado Division of Labor found that Ms. Holt was killed while performing services within the scope of her employment. It then held that Holt was entitled to actual funeral benefits of up to $3,000.00, and death benefits of

$382.69 for each week that he remained alive and unmarried. Since France was not an insured employer under Colorado's Workmen's Compensation Act, the agency assessed against France a fifty percent penalty on certain amounts awarded for failure to insure. France thereafter filed for bankruptcy.

On December 15, 1989, Holt commenced an adversary proceeding seeking a determination that France's obligations to him were nondischargeable. Trial on the complaint was held on July 31, 1990. During trial, France testified that he was not aware that his company was without workmen's compensation insurance until Holt sought benefits from him in 1987. He admitted having been several days late in making his 1986 annual premium payment to the State Compensation Insurance Fund, which he explained was a result of the hectic pace of business during the tax season. In previous years, France had made similar late payments of his premium, with no serious consequences. France's testimony and exhibits introduced into evidence also indicated that France had sought reinstatement of his policy upon notification of its cancellation by sending in an application and full premium payment, but that the application and check were returned by the Fund pending receipt of payroll records and completion of a final audit. Since France had previously submitted all of the necessary information for the audit, he continued under the mistaken assumption that he had taken all necessary steps to reinstate his policy, believing that he had instructed his secretary to follow up on the matter.

Based on this evidence, the bankruptcy court held that France's debt to Holt was not based on a false representation, breach of fiduciary duty, or willful and malicious injury. First, the court ruled that Holt had not established that the debt was nondischargeable under § 523(a)(2)(A), based on a false representation to Ms. Holt that she was covered by workmen's compensation insurance, because France had no knowledge that the policy had lapsed and Holt had not shown any reliance on the alleged misrepresentation. Second, the court found that Holt had not met his burden under § 523(a)(4) to show that the debt arose from the defalcation of a fiduciary duty. That section requires the existence of an express trust, and the court found no evidence that Colorado's Workmen's Compensation Act created such a trust. Therefore, there was no fiduciary duty running from employer to employee. Third, the court denied Holt's claim under § 523(a)(6), relating to debts for willful and malicious injury. The court expressed doubt that France's failure to pay the premium was willful, in that it seemed more careless than volitional. It went on to rule, however, that France's conduct was not malicious. Relying on Tenth Circuit authority, the court held that malicious injury requires the debtor to have "'actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor, not on abstract and perhaps moralistic notions of the wrongfulness of the Debtor's act.'" (R.Vol. II at 134) (citing *CIT Fin. Servs., Inc. v. Posta (In re Posta)*, 866 F.2d 364, 367 (10th Cir.1989)). Finally, the court held that France's entire obligation to Holt would be discharged, notwithstanding Holt's argument that France's continuing obligation to pay him weekly is a post-petition debt. Holt challenges these four conclusions on appeal.

## II. *Merits.*

### A. Debt Obtained by False Representation.

■ Section 523(a)(2)(A) of the Bankruptcy Code provides that the debtor is not discharged from any debt "for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). To meet the requirements of this section, the creditor must establish that (1) the debtor made a false representation of a material fact, (2) at the time of the representation, the debtor knew the representation was false, (3) the representation

was made with the specific intent to deceive the creditor, and (4) the creditor relied on the misrepresentation to his detriment. *See First Bank of Colo. Springs v. Mullet (In re Mullet)*, 817 F.2d 677, 680 (10th Cir.1987).

Holt's argument on appeal focuses on the third and fourth requirements. He contends that employers are presumed to be in compliance with all regulations governing their operation, including those dealing with workmen's compensation insurance, and that he and his wife had justifiably relied on France's silence on this issue as indicating that he had an effective insurance policy in force. What Holt skirts by is the bankruptcy court's finding that France did not have actual knowledge that he was not covered by workmen's compensation insurance under the second requirement. Although Holt states in his brief that "[i]n the case before the court, the Debtor had actual knowledge of the lack of worker's compensation insurance coverage," (Br.Pl./Appellant Michael E. Holt at 10), the bankruptcy court concluded that France "did not make a false representation on combining elements 1 and 2 because he did not know that he did not have coverage," (R.Vol. II at 130). Holt does not attempt to argue that this factual finding is clearly erroneous; the finding is well supported by the evidence introduced at trial. Therefore, I affirm the court's conclusion that Holt did not establish nondischargeability under § 523(a)(2)(A).

**B. Debt for Defalcation of a Fiduciary Duty.**

■ Section 523(a)(4) of the Code exempts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). To be acting in a fiduciary capacity for the purposes of this section, the debtor must be subject to a fiduciary relationship arising from a technical, express or statutorily imposed trust. *See Prudential–Bache Securities, Inc. v. Sawyer (In re Sawyer)*, 112 B.R. 386, 389 (D.Colo.1990). Here, Holt argues that Col-

orado's Workmen's Compensation Act, Colo.Rev.Stat. §§ 8–40–101 to 8–54–127 (1986) (since recodified at 8–40–101 to 8–47–209), creates such a trust.

Although the Act requires employers to maintain insurance, the regulatory scheme it institutes does not contain the attributes of a trust. Unlike other situations in which courts have found a statutory scheme "can give rise to an express trust and a fiduciary relationship within the meaning of the dischargeability statute," *id.* at 391, the Act does not require the employer to segregate and not commingle funds constituting a *res*, subject him to the normal standards of a fiduciary, or place him in a fiduciary relationship with his employees with respect to those funds. *See id.* (and cases cited therein). Though the purposes of the Act are to protect injured employees regardless of fault and to promote the prompt resolution of job-related claims, *see Williams v. White Mountain Constr. Co.*, 749 P.2d 423 (Colo.1988); *Frohlick Crane Serv., Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973), these objectives are insufficient to establish the type of trust relationship contemplated by § 523(a)(4). *See also Workers' Compensation Trust Fund v. Collins (In re Collins)*, 109 B.R. 541, 543 (Bankr.D.Mass.1989) ("Workers' Compensation laws do not create trusts of which employers are deemed to be trustees.") Thus, the bankruptcy court's conclusion that Holt had failed to establish an essential requirement under § 523(a)(4) is upheld.

**C. Debt for Willful and Malicious Injury.**

■ Section 523(a)(6) of the Bankruptcy Code denies the debtor a discharge of debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Two Tenth Circuit decisions provide important guidance in interpreting this section. Addressing the legislative history of this section, the court in *Farmer's Insurance Group v. Compos (In re Compos)*, 768 F.2d 1155, 1157 (10th Cir.1985), held that Congress intended § 523 to have a more

narrow scope than the analogous section under the former Bankruptcy Act: "The legislative history makes clear that the 'reckless disregard' standard applied by some courts under § 17(a)(8) no longer applies under § 523(a)(6), and that proof of a 'deliberate and intentional' injury is required to except a debt from discharge[.]"

In a second case, the Tenth Circuit further explained the difference between the "willful" and "malicious" elements in *CIT Financial Services, Inc. v. Posta (In re Posta)*, 866 F.2d 364 (10th Cir.1989).

The "willful" element is straightforward. It simply addresses whether the debtor intentionally performed the basic act complained of. "Willful" conduct is conduct that is volitional and deliberate and over which the debtor exercised meaningful control, as opposed to unintentional or accidental conduct. Thus, acts caused by the debtor's negligence or recklessness are not encompassed by this exception.

. . . .

. . . [The creditor] asserts that when a debtor intends to do an act which results in harm to his creditor, such conduct is "malicious. . . ."

Were we to accept [the creditor's] argument, nearly any intentional conduct would fall within this exception to discharge, and the word "malicious" in this section would be rendered meaningless. Statutes should be construed to give effect to every word Congress has used. Although we agree that conduct which violates the rights of a creditor is wrongful, we refuse to infer that it is, by its very nature, "malicious." Instead, the focus of the "malicious" inquiry is on the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor, "not on abstract and perhaps moralistic notions of the 'wrongfulness' of the debtor's act."

*Id.* at 367 (citations omitted).

In this case, the evidence does not support Holt's contention that France willfully and maliciously let his insurance policy lapse. At best, the evidence shows that France intended, as he had in the past, to continue his insurance coverage, but that he carelessly or negligently failed to take the steps necessary to confirm that he had a policy in place, without intending or reasonably foreseeing that his nonchalance about policy reinstatement would cause harm. The "willful" element in this case is problematic because, even though there is no dispute that France's careless acts were volitional, his actual failure to reinstate workmen's compensation insurance was at most negligent or reckless, insufficient to establish § 523(a)(6) nondischargeability under *In re Posta*. *Cf. Conroy v. Kimsey (In re Kimsey)*, 97 B.R. 1003, 1006 (Bankr. D.Neb.1989) (implying that neglect in allowing an insurance policy to lapse is not willful).

■ Nevertheless, assuming that the "willfulness" requirement is established, France's acts were not "malicious." Since France had no actual knowledge that Ms. Holt (and thereafter, Mr. Holt) would be harmed by his failure to maintain coverage, the focus is whether it was reasonably foreseeable that harm would result. Although Holt cites cases from several jurisdictions in which the court held that an employer's failure to maintain workmen's compensation insurance was nondischargeable under § 523(a)(6), those cases are distinguishable in that they involved businesses in which the physical risk to employees was much greater, *see, e.g., Strauss v. Zielinski (In re Strauss)*, 99 B.R. 396, 400 (N.D.Ill.1989) (risk that employee would suffer loss from not being insured was "particularly egregious in the context of a construction business such as the appellant's"), in which the debtor had otherwise acted deceptively, *see Juliano v. Holmes (In re Holmes)*, 53 B.R. 268, 270 (Bankr. W.D.Pa.1985) (maliciousness "also demonstrated by the alacrity with which the defendant suggested and assumed the direction of the false and fraudulent manner of presenting the claim"), or in which the court applied a different standard than that

applicable in the Tenth Circuit, *see Vig v. Erickson (In re Erickson)*, 89 B.R. 850, 852–53 (D.Idaho 1988) (following Ninth Circuit interpretation of § 523 which collapses "willful" and "malicious" elements into one standard, resembling interpretation rejected in *In re Compos* ).

A majority of cases hold that a debtor does not act maliciously in failing to obtain insurance coverage which would have protected a third party from injury because that injury is not reasonably foreseeable. Courts adopting this position have noted that " 'failure to insure does not inevitably cause harm; an uninsured employer may never have a claim resulting in a damage judgment against him, or if he does, may be able to pay the claim out of the operating funds of the business.' " *Pritchard v. Eberhardt (In re Eberhardt)*, 92 B.R. 773, 774 (Bankr.E.D.Tenn.1988) (quoting *Aldridge v. Scott (In re Scott)*, 13 B.R. 25, 27 (Bankr.C.D.Ill.1981)); *see also In re Collins*, 109 B.R. at 542 (failure to maintain workers' compensation insurance does not inevitably lead to injury); *Madden v. Fate (In re Fate)*, 100 B.R. 141, 144 (Bankr. D.Mass.1989) (same conclusion with respect to auto insurance); *In re Kimsey*, 97 B.R. at 1006 (same); *Austin Mutual Ins. Co. v. Schultz (In re Schultz)*, 89 B.R. 28, 30 (Bankr.E.D.Wis.1988) (same); *Hamilton v. Brower (In re Brower)*, 24 B.R. 246, 248 (Bankr.D.N.M.1982) (failure to maintain workers' compensation insurance not willful and malicious injury); *In re Scott*, 13 B.R. at 26–27 (failure to insure produces only a "potential for harm"). Accordingly, the bankruptcy court did not err in holding that France's debt to Holt was not exempt from discharge under § 523(a)(6).

D. Discharge of Amounts Accruing Post–Petition.

■ Holt's final argument on appeal is that the court should not have granted a discharge as to those compensation payments not due and payable until after France's bankruptcy proceeding was commenced. Holt argues that these were post-petition debts not included within the debtor's general discharge because France's obligation to pay them was conditional on Holt remaining alive and single. The bankruptcy court disagreed, holding that the underlying obligation arose prepetition, when the Colorado Division of Labor entered its judgment against France.

The bankruptcy court's conclusion was correct. Although France's obligation to make each weekly payment is contingent on Holt remaining alive and single, authority in this Circuit provides that the proper focus is on the date of the events triggering debtor's obligation to pay, not on when the obligation falls due. *See In re Grynberg*, 113 B.R. 709 (Bankr.D.Colo.1990), *aff'd*, No. 90–F–96 (D.Colo. Oct. 12, 1990); *see also Firearms Import & Export Corp. v. United Capitol Ins. Co. (In re Firearms Import & Export Corp.)*, 131 B.R. 1009, 1015 n. 3 (S.D.Fla.1991) (noting pervasive rejection of opposing view); *Storage Technology Corp. v. Comite Pro Rescale De La Salud (In re Storage Technology Corp.)*, 117 B.R. 610, 625 (D.Colo.1990) (defining creditor's "claim" under § 101(4) as claim for which "triggering act" occurred prepetition). Therefore, the bankruptcy court did not err permitting the entire debt to be discharged.

The bankruptcy court's judgment that Holt failed to establish nondischargeability France's debt to him under §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6) of the Code is AFFIRMED.